

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ERIC WAYNE WOODARD,<br>   Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>Administration,<br>   Defendant. | §<br>§<br>§<br>§   Civil Action No. 2:17-cv-1831-MGL<br>§<br>§<br>§<br>§<br>§<br>§ |

### AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIM FOR BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claim for Supplemental Security Income (SSI). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claim for SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on July 31, 2018. ECF No. 29. Plaintiff failed to timely file objections to the Report, and the Court entered an Order adopting the Report on August 21, 2018, ECF No. 32. On August 29, 2018, the Clerk of Court received a motion for reconsideration from Plaintiff. ECF No. 35. In his motion, Plaintiff first claims he timely mailed his objections to the Report. *Id.* at 1. Plaintiff then asserts objections to the Report. *Id.* at 2-3. In an abundance of caution, the Court construes Plaintiff's motion as objections to the Report. The Court has carefully reviewed Plaintiff's objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for SSI on May 31, 2012. Plaintiff's application was denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Plaintiff's application on February 11, 2016. On March 31, 2016, the ALJ issued a decision holding Plaintiff was not disabled under the Social Security Act (the Act). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision; therefore, Plaintiff filed suit with this Court.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2)

whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a decision as to disability can be made at any step, the analysis ends there without proceeding to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty both to produce evidence and to prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). It is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987). "Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite

decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff first objects he was unable to attend the hearing before the ALJ. Plaintiff's inability to attend the hearing was noted by the ALJ at the time of the hearing. Tr. 36. The Report likewise stated: "Plaintiff did not attend the hearing because he did not have a ride but was represented by counsel." ECF No. 29 at 2. This objection is thus substantively identical to an issue Plaintiff previously raised that the Magistrate Judge thoroughly analyzed and rejected in the Report. The Court agrees with the well-reasoned conclusions of the Magistrate Judge for the reasons set forth in the Report. Because this issue has previously been noted by the Magistrate, the Court declines to further analyze Plaintiff's first objection. Therefore, the Court will overrule this objection.

Plaintiff then objects he was, and is, unable to pay for his medications, which may or may not help him. Plaintiff further asserts the attorney who represented him before the ALJ knew Plaintiff was unable to afford his medications. The Magistrate Judge recommended, though an ALJ may not deny benefits to claimants who lack financial resources to seek treatment, no evidence before the ALJ indicated Plaintiff was unable to afford his medications. ECF No. 29 at 7-9. Having reviewed the record, the Court agrees with the Magistrate Judge: no evidence before the ALJ demonstrated Plaintiff was unable to afford his medications. To the extent Plaintiff seeks

4

to raise the issue for the first time before this Court, he may not do so. *See City of Riverview v. Surface Transp. Bd.*, 398 F.3d 434, 443-44 (6th Cir. 2005) (noting a court should not review issues not raised before the agency). For the above reasons, the Court will overrule Plaintiff's second objection to the Report.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claim for SSI benefits is **AFFIRMED**.

The Clerk of Court is directed to **VACATE** this Court's prior Order adopting the Report, ECF No. 32, and the corresponding judgment, ECF No. 33, and replace it with this Amended Order and the corresponding judgment.

**IT IS SO ORDERED.**

Signed this 30th day of October, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE